# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | | |
|---|---|---|
| **JUSTIN BOWIE, individually and** | § | **Docket No. _____** |
| **on behalf of all others similarly situated** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **NABORS INDUSTRIES** | § | **CLASS/COLLECTIVE ACTION** |
| | § | |
| **Defendant.** | § | |
| | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.    SUMMARY

1.      Justin Bowie ("Bowie" or "Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Nabors Industries ("Nabors" or "Defendant") under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2.      Plaintiff and the other workers like him regularly worked for Defendant in excess of 40 hours each week.

3.      But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4.      Instead of paying overtime as required by the FLSA and the PMWA, Defendant improperly classified Plaintiff and those similarly situated as independent contractors and paid them a daily rate with no overtime compensation.

5.      This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II.  JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7.      The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

9.      Defendant conducts substantial business operations in this District and Division.

10.     Plaintiff worked extensively on behalf of Defendant in this District and Division during the operative time period.

## III.  THE PARTIES

11.     Plaintiff worked for Defendant as a Solids Control Operator from approximately January 2014 until June 2015.

12.     Throughout his employment with Defendant, he was paid a day-rate with no overtime compensation and was classified as an independent contractor.

13.     His consent to be a party plaintiff is attached as Exhibit A.

14.     Plaintiff brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Defendant's day-rate system. Defendant paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA and the PMWA.

15.     The class of similarly situated employees or potential class members sought to be certified is defined as follows:

**ALL CURRENT AND FORMER OILFIELD WORKERS EMPLOYED BY, OR WORKING ON BEHALF OF NABORS INDUSTRIES WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY RATE DURING THE LAST THREE YEARS (**"Putative Class Members")[1]

16.     Plaintiff also seeks class certification of such a class under FED. R. CIV. P. 23 under the PMWA. ("Pennsylvania State Class")

17.     Defendant, **Nabors Industries**, may be served by serving its registered agent for service of process, **C T Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201**.

### IV.     COVERAGE UNDER THE FLSA

18.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.     At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20.     At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21.     At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

---

[1]     Plaintiff does not seek to represent any of the individuals who have opted in to *Calderon v. Nabors Drilling Technologies USA, et al.*

22.     As will be shown through this litigation, Defendant treated Plaintiff (and indeed all of its workers that it classified as independent contractors and paid a daily rate to without overtime compensation) as employees and uniformly dictated the pay practices Plaintiff and its other workers (including its so-called "independent contractors") were subjected to.

23.     Defendant's misclassification of Plaintiff and the Putative Class Members as independent contractors does not alter their status as employers for purposes of the FLSA or PMWA.

## V.    FACTS

24.     Nabors is a global oil and gas exploration and production company operating worldwide and throughout the United States.  In order to provide services to many of its customers, Nabors contracts with certain companies to provide it with employees to perform the necessary work.

25.     Many of these individuals worked for Defendant on a day-rate basis, were misclassified as independent contractors, and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work. Specifically, Defendant classified all of these workers as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

26.     For example, Plaintiff worked for Defendant as a solids control operator from approximately January 2014 to January 2015. Throughout his employment with Defendant, he was classified as an independent contractor and paid on a day-rate basis.

27.     The work Plaintiff performed was an essential part of Defendant's core business.

28.     During Plaintiff's employment with Defendant while he was classified as an independent contractor, Defendant exercised control over all aspects of his job.

29.     Defendant did not require any substantial investment by Plaintiff in order for him to perform the work required of him.

30.     Defendant determined Plaintiff's opportunity for profit and loss. Plaintiff was not required to possess any unique or specialized skillset (other than that maintained by all other workers in his respective position) to perform his job duties.

31.     Plaintiff worked extensively for Defendant as an independent contractor from approximately January 2014 to January 2015.

32.     Indeed, Defendant controlled all of the significant or meaningful aspects of the job duties performed by Plaintiff.

33.     Defendant ordered the hours and locations Plaintiff worked, tools used, and rates of pay received.

34.     No real investment was required of Plaintiff to perform his job.

35.     More often than not, Plaintiff utilized equipment provided by Defendant to perform his job duties.  Plaintiff did not provide the equipment he worked with on a daily basis.

36.     Defendant and/or its clients made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Plaintiff worked.

37.     Plaintiff did not incur operating expenses like rent, payroll, marketing, and insurance.

38.     Plaintiff was economically dependent on Defendant during his employment.

39.     Defendant set Plaintiff's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Defendant.

40.     Defendant directly determined Plaintiff's opportunity for profit and loss.  Plaintiff's earning opportunity was based on the number of days Defendant scheduled him to work.

41.     Very little skill, training, or initiative was required of Plaintiff to perform his job duties.

42.     Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Defendant and/or its clients.

43.     Virtually every job function was pre-determined by Defendant and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

44.     The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

45.     The Putative Class Members did not have any supervisory or management duties.

46.     Plaintiff performed routine manual and technical labor duties that were largely dictated by Defendant and/or its clients.

47.     All of the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person.

48.     The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

49.     The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time.

50.     Instead of paying them overtime, Defendant paid the Putative Class Members a day-rate and misclassified them as independent contractors.

6

51.     Defendant denied the Putative Class Members overtime for any and all hours worked in excess of 40 hours in a single workweek.

52.     Defendant's policy of failing to pay its independent contractors, including Plaintiff, overtime violates the FLSA and the PMWA because these workers are, for all purposes, employees performing non-exempt job duties.

53.     It is undisputed that the contractors are maintaining and working with oilfield machinery, performing manual labor, and working long hours out in the field.

54.     Because Plaintiff (and Defendant's other independent contractors) was misclassified as an independent contractor by Defendant, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

55.     Defendant's day-rate system violates the FLSA and PMWA because Plaintiff and those similarly situated did not receive any overtime pay for hours worked over 40 hours each week.

## VI.     FLSA VIOLATIONS

56.     As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

57.     Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

58.     Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII.    PMWA VIOLATIONS

59.     Plaintiff brings this claim under the PMWA as a Rule 23 class action.

60.     The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

61.     At all relevant times, Defendant was subject to the requirements of the PMWA.

62.     At all relevant times, Defendant employed Plaintiff and each Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

63.     The PMWA requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each member of the Pennsylvania Class are entitled to overtime pay under the PMWA.

64.     Defendant have and had a policy and practice of misclassifying Plaintiff and each member of the Pennsylvania class as independent contractors and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

65.     Plaintiff and each member of the Pennsylvania Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

66.     Plaintiff and each member of the Pennsylvania Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the PMWA.

## VIII.   CLASS/COLLECTIVE ACTION ALLEGATIONS

67.     Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the members of the Putative Class Members.

68.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

69.     Numerous other individuals who worked with Plaintiff indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

70.     Based on his experiences and tenure with Defendant, Plaintiff is aware that Defendant's illegal practices were imposed on the members of the Putative Class Members.

71.     The members of the Class were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of forty 40 per week.

72.     Defendant's failure to pay wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the Putative Class Members.

73.     Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

74.     The specific job titles or precise job locations of the various members of the Class do not prevent class or collective treatment.

75.     Plaintiff has no interests contrary to, or in conflict with, the members of the Class. Like each member of the Class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under federal law.

76.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

77.    Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA and applicable state labor laws.

78.    Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

79.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

80.    The questions of law and fact common to each of the members of the Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

      a.    Whether Defendants employed the Putative Class Members within the meaning of the FLSA and the PMWA;

      b.    Whether the members of the Class were improperly misclassified as independent contractors;

      c.    Whether Defendant's decision to classify the members of the Class as independent contractors was made in good faith;

      d.    Whether Defendant's decision to not pay time and a half for overtime to the members of the Class was made in good faith;

      e.    Whether Defendant's violation of the FLSA was willful; and

      f.    Whether Defendant's illegal pay practices were applied uniformly across the nation to all members of the Class.

81.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and the members of the Class sustained damages arising out of Defendant's illegal and uniform employment policy.

82.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

83.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## IX.    JURY DEMAND

84.     Plaintiff demands a trial by jury.

## X.    RELIEF SOUGHT

85.     WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a.   An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b.   For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c.   For an Order designating the Pennsylvania class as a class action pursuant to Fed. R. Civ. P. 23.

   d.   For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of both the federal and state law classes.

11

e.  For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:  */s/ Joshua P. Geist*
    Joshua P. Geist
    PA. I.D. No. 85745
    **GOODRICH & GEIST, P.C.**
    3634 California Ave.
    Pittsburgh, PA 15212
    Tel: (412) 766-1455
    Fax: (412)766-0300
    josh@goodrichandgeist.com

    **AND**

    Michael A. Josephson
    Texas Bar No. 24014780
    *(Pending Pro Hac Vice)*
    Andrew W. Dunlap
    Texas Bar No. 24078444
    (*Pending Pro Hac Vice*)
    Lindsay R. Itkin
    State Bar No. 24068647
    *(Pending Pro Hac Vice)*
    Jessica M. Bresler
    State Bar No. 24090008
    *(Pending Pro Hac Vice)*
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    litkin@mybackwages.com
    jbresler@mybackwages.com

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**